1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANDRES GOMEZ,                          No.  2:21-cv-2057 WBS DB

12              Plaintiff,

13        v.                                ORDER

14   THE BOULEVARD AND COMPANY,
     INC., a California Corporation, dba The
15   Kana Company,

16              Defendant.

17

18

19        On August 2, 2022, defendant filed a motion for default judgment and noticed the matter

20   for hearing before the undersigned on September 9, 2022, pursuant to Local Rule 302(c)(19).

21   (ECF No. 23.)  Plaintiff's motion seeks default judgment on the amended complaint's claims that

22   the defendant violated the Americans with Disabilities Act ("ADA") and the California Unruh

23   Civil Rights Act.  (Id. at 2.)  Having reviewed plaintiff's briefing, the undersigned will deny the

24   motion without prejudice to renewal.[1]

25        In this regard, a district court is "required sua sponte to examine jurisdictional issues such

26   as standing."  Bernhardt v. Cnty. of Los Angeles, 279 F.3d 862, 868 (9th Cir. 2002); see also Fed.

27   _____

     [1] Pursuant to Local Rule 230(g) the undersigned finds the matter suitable for resolution without a
28   hearing.

                                        1

1   R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court

2   lacks jurisdiction of the subject matter, the court shall dismiss the action.").  "Article III standing

3   is a species of subject matter jurisdiction."  Coble v. DeRosia, 823 F. Supp. 2d 1048, 1051 (E.D.

4   Cal. 2011).  "A suit brought by a plaintiff without Article III standing is not a 'case or

5   controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the

6   suit."  Cetacean Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir. 2004).

7       To establish standing generally, a plaintiff must show they "(1) suffered an injury in fact,

8   (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be

9   redressed by a favorable judicial decision."  Spokeo, Inc. v. Robins, 578 U.S. 330, 338, (2016).

10   Additionally, "to establish standing to pursue injunctive relief, which is the only relief available

11   to private plaintiffs under the ADA, he must demonstrate a 'real and immediate threat of repeated

12   injury' in the future."  Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011).

13   (quoting Fortyune v. Am. Multi-Cinema, Inc., 364 F.3d 1075, 1081 (9th Cir. 2004)).

14       In the Ninth Circuit, there are two ways an ADA plaintiff may establish standing:

15   "plaintiff must show … either that he is deterred from returning to the facility or that he intends to

16   return to the facility and is therefore likely to suffer repeated injury."  Chapman, 631 F.3d at 953.

17   The deterrence test still requires an intent to return.  Brooke v. Sai Ashish Inc., Case No. 1:21-cv-

18   0967 AWI SAB, 2021 WL 4804220, at *11 (E.D. Cal. Oct., 2021), report and recommendation

19   adopted, 2022 WL 446676 (E.D. Cal. Feb. 14, 2022).  If the public accommodation that is being

20   sued is far from the plaintiff's home, a plaintiff must "demonstrate[s] an intent to return to the

21   geographic area where the accommodation is located and a desire to visit the accommodation if it

22   were made accessible."  D'Lil v. Best W. Encina Lodge & Suites, 538 F.3d 1031, 1037 (9th Cir.

23   2008).

24       Here, plaintiff alleges that plaintiff visited the defendant's website in March and August

25   of 2021 and encountered barriers.  (ECF No. 23-1 at 2.)  The ADA does apply to websites run by

26   places of public accommodation.  See generally Robles v. Domino's Pizza, LLC, 913 F.3d 898,

27   905 (9th Cir. 2019).  However, in a vague, conclusory, and confusing manner plaintiff's motion

28   and declaration offered in support assert that plaintiff "was in the California area and was

1    considering visiting Northern California . . . because he has family that lives in Northern

2    California." (Id. at 7; Gomez Decl. (ECF No. 6) at 4.)

3         A plaintiff's profession of intent to return "without … concrete plans or … any

4    specification" is not sufficient to establish standing.  Lujan v. Defs. of Wildlife, 504 U.S. 555,

5    564 (1992).  Similarly, "conclusory statements" of deterrence are insufficient to demonstrate

6    standing.  Feezor v. Sears, Roebuck & Co., 608 F. App'x 476, 477 (9th Cir. 2015).  An ADA

7    plaintiff "lacks standing if he is indifferent to returning to the store or if his alleged intent to

8    return is not genuine, or if the barriers he seeks to enjoin do not pose a real and immediate threat

9    to him due to his particular disability."  Chapman, 631 F.3d at 953.

10        While plaintiff's conclusory statements would be insufficient under any circumstances,

11   the facts of this action provide additional context.  According to the Civil Cover Sheet filed in this

12   action plaintiff resides in Miami, Florida.  (ECF No. 1-1 at 1.)  The defendant operates a cannabis

13   collective dispensary in California.  Plaintiff has not alleged—nor does it appear true—that

14   defendant offers to ship its product interstate.  Plaintiff has also not alleged an intent and ability to

15   join the collective.

16        In this regard, it is unclear from plaintiff's briefing whether plaintiff has satisfied the

17   standing requirement.  Plaintiff's motion, therefore, will be denied without prejudice to renewal

18   and plaintiff will be provided an opportunity to amend the briefing.

19                                    **CONCLUSION**

20        Accordingly, IT IS HEREBY ORDERED that:

21        1.  Plaintiff's August 2, 2022 motion for default judgment (ECF No. 23) is denied

22            without prejudice to renewal[2]; and

23   ////

24   ////

25   ////

26

27   _____

     [2] Plaintiff may cure the defects noted above by filing an amended motion for default judgment
     that contains specific factual allegations to satisfy the standing requirement supported by a
28   declaration.

                                          3

    2.  The September 9, 2022 hearing of plaintiff's motion is vacated.

Dated:  September 6, 2022

 

DLB:6
DB/orders/orders.civil/gomez2057.mdj.den.ord

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

4